IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 22, 2013 Session

## FEDERAL NATIONAL MORTGAGE ASSOCIATION v. JAMES W. FRIERSON ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 11C909      W. Jeffrey Hollingsworth, Judge**

_____

**No. E2012-00715-COA-R3-CV-FILED-FEBRUARY 21, 2013**

_____

This is one of three cases consolidated for oral argument. In each case, the following happened: (1) the borrower defaulted on his or her home loan and the lender foreclosed by non-judicial action, a procedure authorized by the deed of trust; (2) the purchaser at the trustee's sale sought possession through an unlawful detainer action; (3) the borrower filed a counterclaim asserting that the non-judicial foreclosure process violates the Tennessee Constitution and is against public policy; and (4) the trial court dismissed the counterclaim and granted possession to the purchaser. The present case went off on summary judgment. The borrower appeals. We affirm the judgment of the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Whitney Durand, Chattanooga, Tennessee, for the appellants, James W. Frierson and Patricia M. Frierson.

Misty Smith Kelly, Chattanooga, Tennessee, for the appellee, Federal National Mortgage Association.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and Alexander S. Rieger, Assistant Attorney General, General Civil Division, Nashville, Tennessee, for the intervener, Tennessee Attorney General.

## OPINION

### I.

This case presents substantially the same issues as presented in *CitiMortgage, Inc. v. Drake*, No. E2012-00722-COA-R3-CV (Tenn. Ct. App. E.S.), which opinion is being filed contemporaneously with this opinion. With a few exceptions as to the amount owed; the timing of the default, notice, and sale; and the names of the debtor, the lender, and the purchaser; the facts are substantially the same. The power of sale clause in the deed of trust in this case contains language that is verbatim to the clause at issue in *Drake*. The same arguments are made in this case as were made by the same attorney who represented the borrower in *Drake*, *i.e.*, that the private "foreclosure process" is unconstitutional and in violation of public policy. We find no merit in the constitutional and public policy challenges for the same reasons we found no merit to those arguments in *Drake*. Accordingly, consistent with our decision in *Drake*, we hold that the trial court in the present case did not err in dismissing the borrower's counterclaim challenging the constitutionality of the foreclosure and asserting that the foreclosure sale was in violation of public policy.

### II.

The borrower in this case makes only one argument against the summary judgment. The borrower argues that the plaintiff attempted, through the affidavit of David Peters, an employee of Green Tree Servicing LLC, to lay a foundation for business records that were not created by Green Tree. The borrower wants us to hold that a document cannot be admitted as a business record unless it was created by the person or business that is in possession of the record and through whom it is being admitted. The lender argues that it makes no difference who created the document so long as it is contained in the file of the business through whom it is being admitted. We believe both of these arguments are off the mark.

We believe the dispositive question raised by the pleadings in this case is whether there is undisputed proof in the record that establishes: (1) default, (2) notice of default and the opportunity to cure, (3) notice of the foreclosure, and (4) advertisement of the foreclosure sale in a newspaper on three occasions prior to the sale. As we explained in *Drake*, this is the essence of what is required by the deed of trust.

There is no dispute that the borrowers defaulted on their payments. They admitted, for the purpose of summary judgment, that their default was not in dispute.

In addition to the affidavit of Mr. Peters, the plaintiff submitted the affidavit of Linda Johnson of the "Chattanooga Times Free Press" stating that the advertisement of the foreclosure sale "has been published . . . on April 8, 15, 22, 2011." The plaintiff also submitted certified copies of all the conveyances and assignments as recorded in the register of deeds for Hamilton County. These documents are self-authenticating pursuant to Tenn. R. Evid. 902(4) and admissible hearsay pursuant to Tenn. R. Evid. 803(8). They are therefore admissible without the affidavit of Mr. Peters. The trustee's deed states that "the said property was . . . advertised for sale in conformity with the terms and provisions of said Deed of Trust . . . ." By statute, the recitations in the deed of trust provide prima facie evidence that the sale was properly advertised in the newspaper. Tenn. Code Ann. § 24-5-101 (2000)(statements in a conveyance are "prima facie evidence of the facts in such instrument recited"). Thus, the plaintiff shifted the burden to the borrower to come forward with positive evidence that the sale was not properly advertised. *See Hannan v. Alltel Pub. Co.*, 270 S.W.3d 1, 9, n.6 (Tenn. 2008). The borrowers did not come forward with such evidence.

Thus, we have narrowed the inquiry down to whether Mr. Peters' affidavit was adequate foundation for admitting two letters that did not originate from Green Tree. The first is a letter purportedly sent by certified mail from Litton Loan Servicing to the borrowers on November 12, 2009, advising them of their default and acceleration of all sums due, the right to cure the default, the amount of payment necessary to cure the default, and the date by which cure must be accomplished. If the letter was indeed sent, then the borrowers received the notice of acceleration specified in section 22 of the deed of trust. The second is a letter purportedly sent at the lender's request by the substitute trustee, attorney Arnold Weiss, notifying the borrowers that, pursuant to the foreclosure rights granted in the deed of trust, the property would be sold. Again, if the letter was sent, it satisfies the lender's relevant obligations in the deed of trust. The certified copies of recorded documents, independent of Mr. Peters' affidavit, establish the relationship between Litton and Green Tree and Weiss. Litton assigned its rights to Green Tree and Weiss was the attorney charged with conducting the foreclosure. The relationship between these parties corroborates Mr. Peters' affidavit and explains why letters that originated with Litton and Weiss were in Green Tree's business records, kept as part of their normal course of business activities as stated in the Peters affidavit. We also note that the letter sent by attorney Weiss was sent by certified mail. The return receipt was signed by one of the borrowers.

Under these circumstances, we believe that the Peters affidavit provides the necessary foundation to admit the two letters as business records. As we have previously stated:

> The term "qualified witness" [in Tenn. R. Evid. 803(6)] should be given a broad interpretation. To be considered qualified, a

witness must be personally familiar with the business's record-keeping systems and must be able to explain the record-keeping procedures. The witness is not required to have personal knowledge of the facts recorded, to have been involved personally in the preparation of the records, or even to know who actually recorded the information.

*Alexander v. Inman*, 903 S.W.2d 686, 700 (Tenn. Ct. App. 1995). Business records, although technically hearsay, are allowed to be admitted under the premise that "records regularly kept in the normal course of business are inherently trustworthy and reliable." *Id*. This hearsay exception is recognized to avoid the "expense and inconvenience of calling numerous witnesses involved in the preparation and maintenance of the records." *Id*. Allowing the subject letters in the present case to be admitted through the affidavit of Mr. Peters is consistent with both the reason behind the rule and the premise of reliability. Since there is no denial from the borrowers that they received the subject letters, we hold that the plaintiff was entitled to summary judgment granting it possession of the subject property.

### III.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellants, James W. Frierson and Patricia M. Frierson. This case is remanded, pursuant to applicable law, for enforcement of the trial court's judgment and for collection of costs assessed by the trial court.

_____
CHARLES D. SUSANO, JR., PRESIDING JUDGE